United States District Court

Arthur Stewart
is the plaintiff
mentioned herein
at all times:
Plaintiff
V.

Civil Action No.

officer Ayala

CsA. Riley

Industries Supervisor R. Munroe

operations officer
John DOE
or
Jane DOE

DHo lieutenant Davis

C/o Geady

Cs. moore

WARDEN Guardarama

Deputy WARDEN Hines

CS. Gamadela

Acting Commissioner Angel Quiros
Counselor Albano

## Complaint

this is a Civil Rights action filed by Arthur Stewart a State prisoner for Damages and injunctions Relief under 42 U.S.C. § 1983. alleging intentional infliction of emotional distress, Retaliation, denial of Due process, in violation of my 5th 6th 1st Amendment of the U.S.C. this complaint is being filed in Accordance with sec. § 1983, which my Rights are secured by the U.S.C. this Court, Also has supplemental Jurisdiction over plaintiff State law Claims under 28 U.S.C. section 1367. the Court has Jurisdiction under 28 U.S.C. Section 1331. 1343 (A)(3), 1343. all defendants Acted under Color of state law when these events occured and All defendants are sued in their official and individual Capacities.

(1)

<u>parties</u>

(1) plaintiff Arthur Stewart, is a Citizen of the united states of Connecticut, and is Currently imprisoned at the (osborn cI facility). osborn cI, PoB 100, 335 Bilton Rd. Somers CT. 06071

<u>the Defendants in this matter:</u>

(2) defendant Ayala is a Corrections officer at osborn cI, and Acted under Color of State law when these incidents ocurred, and is being Sued in her official and individual Capacities and works at the osborn CI, PoB 100, Somers cT. 06071

(3) defendant CSA, Riley is a Corrections Addiction service officer at osborn CI, and Acted under Color of state law when these incidents ocurred, and is being Sued in her official and individual Capacities and works at the osborn CI, PoB 100 Somers CT. 06071

(4) defendant Rey munroe, Industries supervisor, is a Corrections employee at osborn CI, and Acted under Color of state law when these incidents ocurred, and is being Sued in his official and individual Capacities and works at the osborn CI, PoB 100, Somers CT. 06071.

(5) operations officer John or Jane DOE are defendants Correctional officer's at osborn CI, and Acted under Color of state law when these incidents ocurred, and is being Sued in his or her official and individual Capacities and works at the osborn CI, PoB 100, Somers CT. 06071

6

(6) DHO lieutenant DAVIS defendant a Correctional officer at osBorn CI, POB 100, Somers CT. 06071 Acted under color of State law when these incidents ocurred, and is being Sued in his official and Individual Capacities and works at the osBorn CI POB 100, Somers CT. 06071.

7

(7) defendant c/o Grady is a Corrections officer at osBorn CI, POB 100, Somers CT. 06071 Acted under Color of State law when these incidents ocurred, and is being Sued in his official and Intividual Capacities and works at the osBorn CI, PoB 100, Somers CT. 06071

(8) Counselor Supervisor Gamardella is a Corrections officer at osBornCI POB 100, Somers CT. 06071 Acted under color of State law when these incidents ocurred, and is being Sued in har official and Individual Capacities and works at the osBorn CI, PoB 100, Somers CT 06071

(9) Counselor Supervisor Moore is a Corrections officer at osBorn CI POB 100, Somers CT. 06071 Acted under color of State law when these incidents ocurred, and is being Sued in his official and Individual Capacities and works at the osBorn CI, POB 100, Somers CT. 06071

⑩ Deputy Warden Hines is a Corrections officer at Osborn C.I. POB 100, Somers CT. 06071 Acted under Color of State law when these incidents occured, and is being Sued in his official and Individual Capacities and works at the Osborn C.I POB 100. Somers CT. 06071.

⑪ Warden Guardarama is a Corrections officer at Osborn C.I POB 100, Somers CT. 06071 Acted under Color of State law when these incidents occured, and is being Sued in his official and Individual Capacities and works at the Osborn C.I, POB 100 Somers CT. 06071.

⑫ Acting Commissioner Quiros Deputy Commissioner at time of Incidents and works at 24 Wolcott Hill Road Wethersfield C.I Acted under Color of State law when these incidents occured and is being Sued in his official and Individual Capacities and works at 24 Wolcott Hill Road Wethersfield CT.

⑬ Albano is a Corrections officer at Osborn C.I POB 100, Somers CT. 06071 Acted under Color of State law when these incidents occured, and is being Sued in her official and Individual Capacities and works at the Osborn CI, POB 100, Somers CT. 06071

## facts:

(14) in may or June (2020): during Ramadan fast, I observed an inmate, whom was not a muslim handling the food which this inmate was Touching handling the food without protective Gloves, or hair neT.

(15) which I Confronted officer, Ayala in a respectful manner which I stated to this officer that the inmate is not properly dressed and is serving the food without a hair net and Gloves plaintiff herein explains to this CourT that during the month of Ramadan fast is the muslim Religous practice that during Ramadan fast that only muslims are to serve and pray over the food before we eat however, officer Ayala had intentionally left a nonmuslim inmate serve and handle the food for the muslims within the Housing unit of H-Block

(16) nonetheless, when I brought to the Attention of officer Ayala that the inmate who she had chosen to serve inmates food for our fast was nonmuslim and he did not have on Gloves or hair net, nor was inmate a Kitchen worker which officer Ayala Responded to me and stated "I do not care about the muslim Tradition" if it was left up to me you (Towel Heads would not eat at all during your month of religous purefication and prayer."

⑤

(17) officer Ayala further stated " get your Towel head Ass in your cell." (Towel Head is a ethnic slur against muslim which Correctional officer use to demean inmates). I further stated to officer Ayala that I was only Concerned with keeping up the Tradition and Respectfulness of my Religion. I further stated withall due respect that its is against my Religion belief to Allow a non-muslim serve the food during the muslim fast when we break the fast at night. only muslims are suppose to serve the food or Kitchen workers.

(18) Officer Ayala stated that "she will have me fired from my Job and Kickedout the block for pushing this issue _ _ _ _ plaintiff Reminds this Court that the plaintiff had been housed in H-Block housing unit for around 3/½ years and had an industry Job which I would make 167 Dollars Amonth. I was housed in A privledge workers Block which I had no Disciplinary reports within the last 4, years. however, in June officer Ayala had told her best friend CSA, Riley that she wanted me out the Block

(19) on, 06, 23, 2020 CSA: Riley Counselor supervisor Addiction services came to my cell to Assist and exact officer Ayala's retaliation against me. plaintiff reminds this Court that officer Ayala and officer Counselor supervisor Riley See each other everyday, Riley and Ayala hang out in the Block Together all day picking on inmates, they eat lunch Together they Rely on each other when they are in a tight spot,

(6)

they hang out with each other after work hours etc.

(20) Counselor Supervisor Riley, is the individual who Assigns inmates to her programs, and which inmates will attend certain programs. Riley used a classification program illegally out of retaliation to Assist her best friend Ayala.

(21) defendant Riley, Came to my housing unit and first asked me to Sign a new program participation agreement Called (O.A.P. offender Accountability Plan); which Riley had Stated that I have the option to sign, however, I told her that the new (O.A.P) is not meaningful for me, because the new (O.A.P) Consist of a (6) month Drug program to Complete, which I would be out of prison in (5) months. Riley Stated to me to think about it for a day or two, and she will get back to me. Riley Stated that she needed to check the Computer to look at my End of sentence date.

(22) However, Couple hours later, an Correctional officer had brought me A Disciplinary Report. once the officer gave me the Disciplinary Report he Stated to me that "I pissed off the wrong woman" I told the officer that I did not do anything wrong. he left my housing unit after he had given me the Disciplinary report which the Disciplinary Report Stated. as follows:

(7)

(23) "that I inmate Stewart #103443 refused the Tier IV program as stipulated on his offender Accountability Plan (OAP). and refused to sign the offender work performance & program removal refusal form, inmate Stewart also used volatile language when expressing his disintrest in the Tier IV program." (See Exibit - A )

(24) which the Disciplinary report was only given to me by Canselor supervisor Addiction services Riley out of spite, officer Ayala C.S.A. Riley had known that the only way to legally get me out the Block would be to give me a false Disciplinary Report which they Conspired and planned to use a meaningless program from classification to get me fired from my Job. and moved, out the housing unit, under the false pretense that I refused and became volatile when she asked me to sign my new (OAP) which was false C.S.A. Riley asked me to sign the paper, which I stated that I will be home in (5) months. she left to go check the Computer to see if I was being Truthful. which she never Came back to inform me wether or not I should take the program like she stated she would. I only recieved a Disciplinary report falsely Accused Nontheless, when the Investigating officer had asked me to sign the Disciplinary report which now I refused to sign the Disciplinary report because it was full of false Accusations.

(25) In addition, the Drug program which C.S.A. Riley
Wanted me to be apart of was in violation of the
Govermers executive order of Social distancing and in
(06.23.2020) would Recklessly place me in danger of
Catching Covid-19 virous. the program has 20-30
inmates gathering together for programing in
Violation of the C.D.C. guidelines which would
endanger my life. I am a African American male over
50 years of age which it would be Impossible to
practice Social distancing in a small enclosed Room
with 20-30 inmates with no proper ventalization,
Masks, hand sanitizer, Seating Capacity, etc...
See Exhibit- D ).

(26) further (2) months later, Counselor supervisor moore
Gamardela, had tried to give me another Disciplinary
Report alleging the same allegations out of retaliation
because I Complained. I sent them letters - see Exhibit -
C, A ). which they refuse to respond to me in
writing to frustrate and Impede my grievence process.

(27) On (7·28·20) Counselor Moore came to my cell new housing unit, and stated to the plaintiff " if you don't do what we want you to do, I will continue to write you up false Disciplinary Reports, no one will ever doubt my Reports," which he further stated " Im God in Department of Corrections, what I say goes..."

(28) I did not argue with Counselor Supervisor Moore. I turned and walked away from him. I did not respond to his request or his demand. Counselor Moore has a lot of power at Osborn C.I. and I seen and observed that when he was speaking with me at that point, he wanted to hit me because his hand was in a tight fist trying to provoke me into a confrontation so that he can write me up and throw me in punitive-segregation/hole.

(29) I stated to Supervisor Counselor Moore, please let me be, I do not want any problems. Counselor Moore stated " you should have thought about that before you disrespected my friend Ayala." At that point, I went into cell and locked up. Which from my cell door I heard Counselor Moore yell out loud in front of the other inmates " I knew you were a Bitch."

(30)   After that incident was over, one hour later I still Recieved another Disciplinary Report from Counselor Supervisor moore. (See Exhibit-B)

(31)   However, Supervisor moore had written and based his Disciplinary on the same incident in (Exhibit-A) for which I was already sanctioned and punished. the Disciplinary Report Supervisor moore had written in-Exhibit-B date as the Report date of 7/28/20: (See Exhibit-B)

(32)   • However, the description of the Violation by Counselor Supervisor moore was dated on 6/23/20, which is the same description date in Exhibit-A.

(33)   • which both Disciplinary Reports are based on one and the same incidents. Review the disciplinary description of violation Dates, within Exhibits-A and B.

(34) nevertheless, the Disciplinary Report was thrown-out-dismissed, the Disciplinary Report was false and fabricated... which defendant Supervisor Moore had used a state document to fabricate an incident against me out of retaliation.

(35) on 8/21/20, I notified the Connecticut State police of the false incident report written by Counselor Supervisor Moore. (see Exhibit E). which at this time, I do not know if my claim have been investigated by the State police.

(36) further, the Disciplinary Report which was initiated by Counselor Supervisor Moore had caused me injury because it has stopped me from working, Attending other programs. which can Assist me with my Reintergration back into the community once I am Released. which based on the false Disciplinary Report, I was denied Release programs to get home early, I was Denied work programs, I was taken out of my single Cell Status, lost prison Job... it cause me great injury. in Addition, to these injury stated above, I was placed in a housing unit which was well known to be the Covid-hot-zone within osborn. which I was forced to live in a hazardous dangerous living Conditions - which I did catch Covid because of these defendants Retalitory actions...

(37) Based on the defendants conspiracy to kick me out of my single cell in H-Block, and their conspiracy to give me a false Disciplinary Report defendants moore, Gammardella, Grady, Munroe, Ayala, had all participated in a scheme to place me in C-Block out of Retaliation because I complained to the administration and Religous Chaplin that NoN-Muslims should not be serving food during the " Muslims feast --- Rahmadan"

(38) which, I was placed in C-Block housing to be punished for my Religous belief. Which the defendants had deliberately exposed me to a housing unit to catch covid-virus deliberately because of the fact that I am a muslim.

(39) further, I attempted to Resolve this issue and unconstitutional Conduct by Albono, Ayala, moore, Riley, munroe, Grady, Gammardella I sent letters, grievences to all defendants. however, the defendants had frustrated and impeded my Administrative Grievence procedures by intercepting my complaints... so that I cannot properly exhaust my Administrative Remedies.

(40) in addition, when I went to the Disciplinary hearings officer Grady, and the "Disciplinary hearings officer Davis" to dispute the disciplinary Reports; these two defendants had denied me due process at these hearings... further, officer Grady kicked me out of his office and stated the only due process I will recieve is a guilty verdict on (Exhibit-A). which he stated "Correctional officers are always Right"...

(41) further, I notified defendants warden, and Deputy warden, and Quiro's about the defendants misconduct, and these defendants failed to act, and ignored my letters and notifications of the defendants Conduct. (see Exhibits - C)

(42) therefore, all defendants are being sued in their official and individual Capacities... which plaintiff had exhausted his administrative Remedies with Respect to all Claims and defendants, which defendants had Frustrated and Impeded the Grievance procedures...

(14)

(43)

## Claims for Relief

Count ONE
: failure to protect.

Count two
: failure to act.

Count three
: deliberate indifference.

Count four
: I.I.E.D.

Count five
: Unconstitutional Condition of Confinement.

Count six
: Retaliation.

Count Seven

　　　　　　: Cruel and unusual punishment.


Count Eight

　　　　　　: Denial of Due process.


Count nine

　　　　　　: Denial of freedom of speach /and Religion.

/

(44)

## Damages :

(C/o Ayala) 250,000.00

(Counselor Supervisor Riley) 250,000.00

(Industries Supervisor Rey Munroe) 50,000.00

(Operations c/o's John or Jane Doe) 50,000.00

(DHO Lieutenat Davis) 150,000.00

(C/o Grady) 200,000.00

(Counselor Supervisor Moore) 300,000.00

(Warden Guardarrama) 150,000.00

(Deputy Warden Hines) 250,000.00

(Counselor Supervisor Gamardella) 250,000.00

(Acting Commissioner Angel Quiros) 100,000.00

(Counselor Albano) 50,000.00





## Verification:

I hereby verify under penalty of
perjury, pursuant to 28 U.S.C.
Section § 1746, that All information
is true and Correct within this
Complaint.

Date :
Sign :





# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 10/01/19

| Facility/Unit: Osborn CI | Report date: 06/23/2020 |
|---|---|
| Inmate name: Stewart, Arthur | Inmate number: 103443 |

| Housing unit: H | Location of incident: H-106 | |
|---|---|---|
| Report number: | Incident date: 06/23/2020 | Incident time: 12:00  ☐ am  ☒ pm |

| Offense: Refusal or removal of an institutional program or policy | Offense class:  ☒ A  ☐ B  ☐ C |
|---|---|

I/M Stewart # 103443 refused the Tier IV program as stipulated on his Offender Accountability Plan (OAP) and refused to sign the Offender Work Performance & Program Removal/Refusal Form. I/M Stewart also used volatile language when expressing his disinterest in the Tier IV program.

Witness(es): NA

Physical evidence: NA

| Reporting employee (print): Riley, K | Title: CSAC |
|---|---|
| Reporting employee (signature): | |
| Date: 06/23/2020 | Time: 12:00  ☐ am  ☒ pm | Employee requests copy:  ☐ yes  ☒ no |

### CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☐ Administrative Detention | Date: 6/23/20 | Time: 1:25  ☐ am  ☒ pm |
|---|---|---|
| ☐ Accused inmate interviewed | ☐ Informal disposition | |

Custody Supervisor / Unit Manager name (print): Drake

Custody Supervisor / Unit Manager signature: Drake

| Title: Lieutenant | Date: 6/23/20 | Time: 1:26  ☐ am  ☒ pm |
|---|---|---|

### INMATE NOTICE

| Delivered by (print): PEART | Delivered by (signature): Peart |
|---|---|
| Title: C/O | Date: 6/23/20 | Time: 1:42  ☐ am  ☒ pm |

- Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.
- If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.

☐
- Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.
- Note: Timeframes associated with the disciplinary report process for inmates initially placed on Behavioral or Mental Health Status shall not be altered and will continue as outlined in this directive.



# Disciplinary Report
## Connecticut Department of Correction

CN 9503/2
REV 10/01/19

| Investigator: | Receipt date: | Time: | ☐ am ☐ pm |
|---|---|---|---|

**Attempt, accessory and conspiracy:** When supported by the evidence, the offenses of attempt, accessory and conspiracy shall be deemed to be included in the substantive offense without having to be separately charged. Attempt, accessory and conspiracy shall be punishable in the same degree as if the substantive offense were committed.

## CLASS A OFFENSES

Alteration of a specimen
Arson
Assault
Assault on a DOC employee
Bribery
Contraband (dangerous instrument, escape item, unauthorized currency, drug and/or tobacco, drug and/or tobacco paraphernalia, intoxicating substance, tattoo equipment, wireless communication device or component)
Creating a disturbance
Destruction of property ($100 or more)

Escape
Escape from PCS Supervision
Falsely Reporting an Incident
Felonious misconduct
Fighting
Flagrant disobedience
Hostage holding
Hostage holding of a DOC employee
Impeding order
Interfering with safety or security
Intoxication
Possession of Sexually Explicit Materials

Public Indecency
Refusal or Removal Of an Institutional Program or Policy
Refusal to give a specimen
Refusing Housing
Riot (declaration by DOC Commissioner)
Secreting identity
Security Risk Group Affiliation
Security tampering
Self-mutilation
Sexual misconduct
Theft ($100 or more)
Threats
Violation of Program Provisions

## CLASS B OFFENSES

Bartering
Causing a disruption
Contraband (unauthorized items, items in excess of authorized amounts.

Destruction of property (under $100)
Disobeying a direct order
Gambling
Giving false information

Insulting language or behavior
Misdemeanant misconduct
Out of place
Theft (under $100)

## CLASS C OFFENSES

| Disorderly conduct | Lingering | Sanitary/housing violation | Violation of unit rules |
|---|---|---|---|

### Waiver of 24-hour Notice

I hereby waive my right to a 24-hour notice of hearing, and request that a hearing be held at the earliest convenience of the hearing officer.

| Inmate signature: | Date: |
|---|---|
| Witness signature: | Date: |

### Waiver of Appearance

I hereby waive my appearance at the disciplinary hearing.  This does not constitute a guilty plea.

| Inmate signature: | Date: |
|---|---|
| Witness signature: | Date: |

### Guilty Plea

I hereby plead guilty to the charge contained in this disciplinary report. I voluntarily enter this plea and understand that my plea bars an appeal.

| Inmate signature: | Date: |
|---|---|
| Investigator/hearing officer signature: | Date: |

### Deferral of prosecution

| ☐ Prosecution deferred by Disciplinary Coordinator | Through date: |
|---|---|
| Disciplinary Coordinator signature: | Date: |
| Inmate signature: | Date: |



# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/1
Rev 8/28/17

| | | |
|---|---|---|
| **Facility/Unit:** **Osborn Correctional Institution** | | Housing unit: H-106 |
| Report date: 06/23/2020 | Report number: **OCI-2006034** | Hearing date: July 7, 2020 |
| Inmate name: Stewart, Arthur | | Inmate number: 103443 |
| Reporting employee: CSAC Riley | | DHO: LT. Davis |
| Investigator: **C/O Grady** | | Advisor: **Declined** |

| Inmate appearance: | ☒ yes | ☐ no | Reason: |
|---|---|---|---|

| ☐ Suspended sentence |
|---|

| ☐ Deferred prosecution | Number of days | Through: |
|---|---|---|

| ☐ Charge dismissed | By: | Reason: |
|---|---|---|

Continuances (dates and reasons):

**SANCTIONS:**

25 RREC

### SUMMARY

| | Charge/class | Plea | Finding | Forfeiture of Risk Reduction Earned Credits: | | |
|---|---|---|---|---|---|---|
| Original | **ROIP / A** | Not Guilty | Guilty | | | |
| Substitute | | | | ☐ -10 | ☐ -15 | ☒ - 25 |
| ☐ Confidential information | Reliability: | | | ☐ - 60 | | ☐ - _____ |

| Documentation submitted: | ☐ Incident report | ☐ Medical incident report |
|---|---|---|
| | ☐ Use of force report | ☒ Other (specify) CN 9505,9506 RT 50,67,77, OAP & refusal notification |

| Witness name: N\A | | appearance ☐ yes ☒ no |
|---|---|---|
| Testimony: | | |

| Witness name: N\A | | appearance ☐ yes ☒ no |
|---|---|---|
| Testimony: | | |

| Witness name: N\A | | appearance ☐ yes ☒ no |
|---|---|---|
| Testimony: | | |

| ☐ Witness exclusion | Name: N\A | Reason: |
|---|---|---|

Physical evidence, written testimony:



# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/2
Rev 8/28/17

Basis for finding: Inmate Stewart, Arthur #103443 was advised of the hearing process. No witness statements to assess. Advisor Services declined. Inmate Stewart is making a Not Guilty Plea. In the inmates defense he states "The judge didn't recommend that I take Tier IV, I don't have to take this program, my OAP doesn't state that I have to take it as well." Based on testimony given and evidence presented inmate Stewart is being found Guilty. Sanctions and penalties imposed. Inmate advised of the appeal process.

Basis for sanctions:

To Enforce AD 9.5.

### DISPOSING OFFICER

| Hearing officer signature: | St. Davi | Date: July 7, 2020 |
|---|---|---|
| Disciplinary coordinator signature: | | Date: |
| Investigator signature: | | Date: |

### INMATE NOTICE

You may appeal a finding of guilty by a hearing officer within 15 days.

| Delivering officer signature: | | Date: 07/07/2020 |
|---|---|---|

Copies (5):  investigator, reporting employee, inmate, disciplinary file and inmate master file





# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 10/01/19

| | |
|---|---|
| Facility/Unit: OCI | Report date: 7/28/20 |
| Inmate name: STEWART,ARTHUR E | Inmate number: 103443 |

| Housing unit: C-55 | Location of incident: C-Block | | |
|---|---|---|---|
| Report number: | Incident date: 7/28/20 | Incident time: 9:00  ☒ am  ☐ pm | |
| Offense: ROIP | | Offense class:  ☒ A  ☐ B  ☐ C | |

Description of violation:

On 6/23/20 I CS Moore went to C-Block to speak to inmate Stewart # 103443 to present him with an OAP to sign. Inmate Stewart has refused to sign OAP's or participate in programming in the past. Inmate Stewart was asked and refused to sign the OAP. After asking him the reason for the refusal he immediately became agitated and argumentative stating he didn't care about "losing time". He was then directed to return to his cell and lock-up. Due to his refusal to sign his OAP he is being issued a DR for Refusal of Institutional Programming (ROIP).

Witness(es):

Physical evidence:  OAP

| Reporting employee (print): Moore | | Title: CCS | |
|---|---|---|---|
| Reporting employee (signature): *CS Moore* | | | |
| Date: 7/28/20 | Time: 10:47  ☒ am  ☐ pm | Employee requests copy:  ☐ yes  ☒ no | |

### CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☐ Administrative Detention | Date: | Time: | ☐ am  ☐ pm |
|---|---|---|---|
| ☐ Accused inmate interviewed | ☐ Informal disposition | | |

Custody Supervisor / Unit Manager name (print): FRANCO

Custody Supervisor / Unit Manager signature:

| Title: LIEUTENANT | Date: 7/28/20 | Time: 11:30  ☒ am  ☐ pm |
|---|---|---|

### INMATE NOTICE

| Delivered by (print): FFD.M | Delivered by (signature): | |
|---|---|---|
| Title: Clu | Date: 7-28-2020 | Time: 11:3_  ☐ am  ☐ pm |

- Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.
- If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.
☐
- Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.
- Note: Timeframes associated with the disciplinary report process for inmates initially placed on Behavioral or Mental Health Status shall not be altered and will continue as outlined in this directive.





# Disciplinary Report
## Connecticut Department of Correction

CN 9503/2
REV 10/01/19

| Investigator: | Receipt date: | Time: | ☐ am ☐ pm |
|---|---|---|---|

**Attempt, accessory and conspiracy:** When supported by the evidence, the offenses of attempt, accessory and conspiracy shall be deemed to be included in the substantive offense without having to be separately charged. Attempt, accessory and conspiracy shall be punishable in the same degree as if the substantive offense were committed.

## CLASS A OFFENSES

| | | |
|---|---|---|
| Alteration of a specimen | | Public Indecency |
| Arson | Escape | Refusal or Removal Of an Institutional |
| Assault | Escape from PCS Supervision | Program or Policy |
| Assault on a DOC employee | Falsely Reporting an Incident | Refusal to give a specimen |
| Bribery | Felonious misconduct | Refusing Housing |
| Contraband (dangerous instrument, | Fighting | Riot (declaration by DOC Commissioner) |
| escape item, unauthorized | Flagrant disobedience | Secreting identity |
| currency, drug and/or tobacco, | Hostage holding | Security Risk Group Affiliation |
| drug and/or tobacco | Hostage holding of a DOC employee | Security tampering |
| paraphernalia, intoxicating | Impeding order | Self-mutilation |
| substance, tattoo equipment, | Interfering with safety or security | Sexual misconduct |
| wireless communication device or | Intoxication | Theft ($100 or more) |
| component) | Possession of Sexually Explicit Materials | Threats |
| Creating a disturbance | | Violation of Program Provisions |
| Destruction of property ($100 or more) | | |

## CLASS B OFFENSES

| | | |
|---|---|---|
| Bartering | Destruction of property (under $100) | Insulting language or behavior |
| Causing a disruption | Disobeying a direct order | Misdemeanant misconduct |
| Contraband (unauthorized items, items in | Gambling | Out of place |
| excess of authorized amounts. | Giving false information | Theft (under $100) |

## CLASS C OFFENSES

| Disorderly conduct | Lingering | Sanitary/housing violation | Violation of unit rules |
|---|---|---|---|

### Waiver of 24-hour Notice

I hereby waive my right to a 24-hour notice of hearing, and request that a hearing be held at the earliest convenience of the hearing officer.

| Inmate signature: | Date: |
|---|---|
| Witness signature: | Date: |

### Waiver of Appearance

I hereby waive my appearance at the disciplinary hearing.  This does not constitute a guilty plea.

| Inmate signature: | Date: |
|---|---|
| Witness signature: | Date: |

### Guilty Plea

I hereby plead guilty to the charge contained in this disciplinary report. I voluntarily enter this plea and understand that my plea bars an appeal.

| Inmate signature: | Date: |
|---|---|
| Investigator/hearing officer signature: | Date: |

### Deferral of prosecution

| ☐ Prosecution deferred by Disciplinary Coordinator | Through date: |
|---|---|
| Disciplinary Coordinator signature: | Date: |
| Inmate signature: | Date: |



To:                                    Arthur Stewart #103443
        (first letter)                 OsBorn CI PoB 100
                                       Somers CT. 06071

Im, writing with Great Concerns for my Safety.
and wellbeing:

(1) I, was Housed, in H-Block-106 cell which is A Single cell
which provided safety During this pandemic, and while I was
working for Atleast the past (6) years and remained Disciplinary
free, completed (10) session's of anger management and my date
for (EOS) had Appeared to be 01.27.21 which show I have
less than six months to be released.

it seems some of your Agents has targeted me with Disciplinary
reports for refusing to enter a group of more than 5 to 10
people in violation of (CDC) policy and the argument
made by c/o's and employee's of the Department of Corrections
I, ask that my Disciplinary reports be removed from my
Record, and file, based on this: the reason why I refused
to agree to sign up for the impatient drug program
is because I fear for my life Due to D.O.C Reckless
disregard for my health, and safety and unlawful disregard
and unlawful deliberate indifference to the prisoners
safety which C.s.A Riley and C.s. Moore had deliberately
forced me to move from my single cell into A housing
unit which contain 30 to 50 inmates sleeping in A
dorm for intensive drug program which the (CDC)
guideline for infectious disease had ordered that no
more than (5) people are allowed to be together more over,
by executive order of social distancing due to Covin-19,
these correctional officials has cause me cruel and
unusual Punishment by forcing me to participate

②

in a program which has over 20-30 inmates in a group setting to deliberately catch Covid-19 in violation of my Eighth Amendment Rights. Which I was given A Disciplinary Report and loss good time because I Explain my Reasons for not wanting to participate in this dangerous setting during this pandemic of Covid-19, Virous I am a inmate over 50 years of Age and have underline, disease such as High Blood pressure. and I shouldn't be punished for following Guidelines and doing my part to save my life were it seems others dont Care.

also its unreasonable to not have been Considered for release Knowing I had six months left to (EOS) but you deliberately Considered me for punishment with Disciplinary reports for trying to Save my life due to pandemic.

Copies forwarded To                    on: or about 07.29.2020
Warden Guardarama                      arthur Stewart A.S.
Deputy Warden Hines
C.S. moore
C.S. Gamadela

To:                                                Arthur Stewart #103443
                                                   Osborn CI POB 100
                                                   Somers CT. 06071

This is my (Second letter) I'm sending to you.
I'm writing with Great Concerns for my Safety and wellbeing:
(1) I, was Housed, in H-Block-106 Cell which is A single Cell
which provided Safety During this pandemic, and while I was
Working for Atleast the past (6) years and remained Disciplinary
free, Completed (10) session's of anger management and my date for
(EOS) had Appeared to be 01-27-21 which show I have less
than Six months to be released. it seems Some of your Agents
has targeted Me with Disciplinary reports for refusing to
enter a group of more than 5 to 10 people in violation of
(CDC) policy and the argument made by c/o's and employee's
of the Department of Corrections I, ask that my Disciplinary
reports be removed from my Record, and file, based on this:
the reason why I refused to agree to Sign up for the
inpatient drug program is because I fear for my life
Due to D.O.C. Reckless disregard for my health, and
Safety and unlawful disregard and unlawful deliberate
indifference to the prisoners safety which C.S. A. Riley
and C.S. moore had deliberately forced me to move from
my single cell into A housing unit which Contain 30 to 50
inmates sleeping in A dorm for intensive drug program
which the (CDC) guideline for infectious disease had
ordered that no more than (5) people are allowed to
be together more over, by executive order of Social
distancing due to CoViD-19, these Correctional officials
has Caused me cruel and unusual punishment by
forcing me to participate

in a program which has over 20-30 inmates in a group setting to deliberately Catch CoviD-19 in violation of my Eighth Amendment Rights. Which I was given A Disciplinary Report and loss good time because I Explain my Reasons for not wanting to participate in this dangerous setting during this pandemic of CoviD-19, Virous I am a inmate over 50 years of Age and have underline, disease such as High Blood pressure. and I Shouldn't be punished for following Guidelines and doing my part to save my life were it seems others don't Care. also its unreasonable to not have been Considered for release Knowing I had six months left to (EOS) but you deliberately Considered me for punishment with Disciplinary reports for Trying to save my life due to pandemic.

at this time I Request that any response to this letter is sent Back to me in writing within 15 days per Administrative Directive

Arthur Stewart
Arthur Stewart

Copies forwarded to
Warden Guardarama              Date (08.21.2020    )

Deputy Warden Hines           NoTary
C.S. Moore
C.S. G. amadela

TO:

Arthur Stewart #103443
OSBorn CI POB 100
Somers CT. 06071
09·23·2020

This is my (3rd letter ) I'm sending to you.

I'm writing with Great Concerns for my Safety and wellbeing:

(1) I, was Housed, in H-Block -106 Cell which is A Single Cell which provided Safety During this pandemic, and while I was Working for Atleast the past (6) years and remained Disciplinary free, Completed (10) session's of anger management and my date for (EOS) had Appeared to be 01·27·21 which show I have less than six months to be released. it seems Some of your Agents has targeted me with Disciplinary reports for refusing to enter a group of more than 5 to 10 people in violation of (CDC) policy and the argument made by c/o's and employee's of the Department of Corrections I, ask that my Disciplinary reports be removed from my Record, and file, based on this: the reason why I refused to agree to sign up for the inpatient drug program is because I fear for my life Due to D.O.C. Reckless disregard for my health, and Safety and unlawful disregard and unlawful deliberate indifference to the prisoners safety which C.S. A. Riley and C.S. moore had deliberately forced me to move from my single cell into A housing unit which Contain 30 to 50 inmates sleeping in A dorm for intensive drug program which the (CDC) guideline for infectious disease had ordered that no more than (5) people are allowed to be together more over, by executive order of Social distancing due to CoVID-19, these Correctional officials has Caused me Cruel and unusual punishment by forcing me to participate

in a program which has over 20-30 inmates in a group setting to deliberately catch Covid-19 in violation of my Eighth Amendment Rights. which I was given A Disciplinary Report and loss good time because I Explain my Reasons for not wanting to participate in this dangerous setting during this pandemic of Covid-19, Virous I am a inmate over 50 years of Age and have underline, disease such as High Blood pressure. and I shouldn't be punished for following Guidelines and doing my part to save my life were it seems others don't care. also its unreasonable to not have been Considered for release knowing I had six months left to (EOS) but you deliberately Considered me for punishment with Disciplinary reports for Trying to save my life due to pandemic.

at this time I Request that any response to this letter is sent Back to me in writing within 15 days per Administrative Directive

Copies forwarded to
Warden Guardarama
Deputy Warden Hines
C. S. Moore
C.S. & amadela

Arthur Stewart
arthur Stewart
Date (09.24.2020)

Notary

Subscribed and sworn to before me on this
21st day of August 2020

Date of Commission Expires 6.30.2023

To: Arthur Stewart #103443
OSBornCI POB 100
Somers CT. 06071

This is my ( 4th letter ) I'm sending to you.

I'm writing with Great Concerns for my Safety and wellbeing:

(1) I, was Housed, in H-Block -106 Cell which is A single Cell which provided safety During this pandemic, and while I was working for Atleast the past (6) years and remained Disciplinary free, Completed (10) session's of anger management and my date for (EOS) had Appeared to be 01·27·21 which show I have less than six months to be released. it seems some of your Agents has targeted me with Disciplinary reports for refusing to enter a group of more than 5 to 10 people in violation of (CDC) policy and the argument made by c/o's and employee's of the Department of Corrections I, ask that my Disciplinary reports be removed from my Record, and file, based on this: the reason why I refused to agree to sign up for the inpatient drug program is because I fear for my life Due to D.O.C. Reckless disregard for my health, and Safety and unlawful disregard and unlawful deliberate indifference to the prisoners safety which C.S. A. Riley and C.S. moore had deliberately forced me to move from my single cell into A housing unit which Contain 30 to 50 inmates sleeping in A dorm for intensive drug program which the (CDC) guideline for infectious disease had ordered that no more than (5) people are allowed to be together more over, by executive order of social distancing due to CoViD - 19, these Correctional officials has caused me cruel and unusual punishment by forcing me to participate



in a program which has over 20-30 inmates in a group setting to deliberately catch Covid-19 in violation of my Eighth Amendment rights. Which I was given A Disciplinary Report and loss good time because I Explain my Reasons for not wanting to participate in this dangerous setting during this pandemic of Covid-19, Virous I am a inmate over 50 years of Age and have underline, disease. Such as High Blood pressure. and I Shouldn't be punished for following Guidelines and doing my part to Save my life were it seems others don't care. also its unreasonable to not have been Considered for release Knowing I had six months left to (EOS) but you deliberately Considered me for punishment with Disciplinary reports for Trying to Save my life due to pandemic.

at this time I Request that any response to this letter is sent Back to me in writing within 15 days per Administrative Directive

Arthur Stewart
arthur Stewart
Date ( 10.08.2020 )

Copies forwarded to
Warden Guardarama
Deputy Warden Hines          NoTary
C.S. Moore
C.S. & amadela          Subscribed and sworn to before me on this
                         10-8-2020
                         31st day of August 2020

                    Date of Commission Expires 6.30.2023

From: Anthur Stewart    Date: 10.08.2020

Sent Copies to the following:
                                Moore, Gamadela, Warden Guardarama,
Deputy Warden Hines, Acting Commissioner Quiros,

I have repeatedly written to each individual within this letter in regards to Counselor Supervisor Moore, Riley, Ayala, Grady, LT. DAvis, Warden Guardarama, Deputy Warden Hines, Counselor Supervisor Gamadela, Acting Commissioner Quiros, Counselor Albano, conspiring to fabricate a State document to subject me to penalties without due process. these state officials has deliberately not responded to three/four letters that I sent to them in response to their unconstitutional behavior. more Importantly, these individuals has activily and continued to frustrate and impede the Administrative directive. grievence process by not responding to my CN 9601 forms so that I could not possibly reach any Type of resolutions. therefore, I will Attempt to send each individual listed within this letter another chance at a resolution to correct my problems. See. Attached.

I declare under penalty of perjury that the information within this letter is True,    Arthur Stewart    .

Subscribed and sworn to
before me,
on this Day. 10-8-2020





CN 9601
REV 1/31/09

# Inmate Request Form
## Connecticut Department of Correction

| Inmate name: A. Stewart | | Inmate number: 103443 |
|---|---|---|

| Facility/Unit: Osborn C.I. | Housing unit: C-61 | Date: 9-21-2020 |
|---|---|---|

Submitted to: Ms. Albano

Request: your impeding my Grievence process and procedure. if Counseler moore is not here, you answer it since you put your name on my Request. if Counselor moore isnt here to answer the letter, then you answer the letter since your handling the Request. Since you signed your name on the Request, its your Job to handle the Situation. I have a Right to have my letter answered in a Timely Manner. if not I will be forced to take legal Action because you are apart of covering up and participating in moore fabricating a state Document and supplying false info. on A D.R. which was thrown out... I will be forced to take legal Action Please reply to my letter.

*continue on back if necessary*

Previous action taken:

*continue on back if necessary*

| Acted on by (print name): | Title: |
|---|---|

*Action taken and/or response:*

Unfortunatly I do not have the atthority to help you with this issue. You must write to your unit manager.

*continue on back if necessary*

| Staff signature: Ms Albano | Date: 9-21-2020 |
|---|---|



# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

| Inmate name: *A. Stewart* | | Inmate number: *103443* |
|---|---|---|
| Facility/Unit: *OCI,* | Housing unit: *~~L~~ 66* | Date: *08.21.2020* |
| Submitted to: *Addiction-Services* | | |

Request: *I Would like to be Signed up for Tier (2) at your Earliest Convenience thank you.*

**continue on back if necessary**

Previous action taken:

**continue on back if necessary**

Acted on by (print name): *(4)* | Title:

Action taken and/or response: *Your drug/alcohol Score is (4) and you will need to take the Tier 4 Program. Write back if you would like to be added to the waitlist*
*CSACT Raguzzino*

**continue on back if necessary**

Staff signature: *[signature]* | Date: *8/27/2020*

C-61

To:
Addiction Services
Counselor - 08-21-2020
A.S.E.



New England
Administrators Compact
4111 Country Club Rd.
Middletown CT. 06457

not signed due to white out
per-dw →

Arthur Stewart #103443
Osborn CI POB 100
Somers CT. 06071
07.28.2020

My name is Arthur Stewart #103443 a inmate at Osborn CI,
and at this time give this statement as True:
On: 06.23.2020 Arthur Stewart, recieved a Disciplinary Report
from C.S.A. Riley L, for refusing to Sign A (OAP) program
offender Accountability plan, in which C.SA, Riley illegally Targeted
plaintiff for retaliation to Assist her Colleague Mrs. Ayala
who's an officer at the facility.
On: 07.28.2020 C.S. Moore Wrote the Same Ticket which
is Dated incident or when he Spoke To me was on 06.23.2020
When plaintiff pointed out he and officer Riley fabricated
State documents which were fabricated in a effort
to mislead A public servant in the Course of there
Duties, the Disciplinary Report written by Counselor
C.S. Moore Was based on the Same Incident Which
Accured on:(06.23.2020) with C.S.A. Riley
Which is based on fraud I Would like a full
Investigation into these matters

NOTARY [signature] 8-21-2020

Arthur Stewart 08.21.2020
Arthur Stewart
Arthur Stewart
08.21.2020

TO: Williams, Charles   # 189080   D-66

FROM: **Religious Services / Chaplain's Office, Osborn C.I**   **DATE:** 20 March 2020

**RE:** Religious Programs   **CC:** CAIN-DBMS HardCopy

---

### Religious Services Programs

In view of the current health concerns, the CT DOC, following the recommendations of the CDC as well as our State and Federal Officials, has mandated that all program group gatherings shall be limited to a maximum of ten (10) persons.  We are working on a schedule in an attempt to accommodate the Religious Services while adhering to these restrictions.

With the grace of our Creator, together we will weather this storm.

Thank you for your patience and understanding.

Chaplain Rosado
Institutional Religious Facilitator

| Elder Ortega | Imam Sharaf | Rabbi Ostrozynski | Rev. Baird | Deacon Rosado | Rev. Jones |
|---|---|---|---|---|---|
| Native American Chaplain | Islamic Chaplain | Jewish Chaplain | Protestant Chaplain | Catholic Chaplain | Protestant Chaplain |